Ogden *et al. v.* Bowen.

---

MAHLON D. OGDEN, ISAAC N. ARNOLD, JOEL N. HAYES, SIMEON HYDE, and FREDERICK T. HAYES, plaintiffs in error, *v.* ERASTUS BOWEN, defendant in error.

Where an action of assumpsit is commenced against several, and process is served only on a part of the defendants, it is error to take judgment against those who are not served, and who do not appear.

J. BUTTERFIELD, I. N. ARNOLD, and M. D. OGDEN, for the plaintiffs in error.

G. SPRING and G. GOODRICH, for the defendant in error.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action of *assumpsit* brought by Bowen, as endorsee, against Ogden and others, as makers of a promissory note. The summons was regularly served on three of the defendants below; as to one of the other defendants it was returned not found, and no return was made as to the remaining defendant. The three upon whom the summons had been served, pleaded *non assumpsit,* and the cause was, by agreement of the plaintiff below, and the defendants who had pleaded, submitted to the Court for trial, without a jury, who, after hearing the evidence, gave judgment against the defendants, without designating that the judgment was only given against those defendants who had been served with process, and

who had pleaded.   Subsequently to the rendition of the judgment, an execution was issued thereon against all five of the defendants.

The assignment of errors questions the correctness of rendering judgment against the defendants who had not been served with process, and who had not appeared.

This was clearly erroneous.   At common law, in an action against several, all must be served with process ; and if some of the defendants cannot be found, the plaintiff must proceed to outlawry against those not found, before he can take judgment against those that are served with process.   To remedy the great delay that would take place in proceeding to outlawry against the defendants not served, the fourth section of the "*Act concerning Practice in Courts of Law*," (1) authorizes the plaintiff to proceed against such defendants as have been summoned, and take judgment against them.

The act also authorizes the plaintiff, at any time after judgment, to have a summons in the nature of a *scire facias*, against the defendants not served with the first process, to show cause why they should not be made parties to the judgment.

The course pointed out in the fourth section of the practice act should have been pursued in this case.   For this error the judgment below must be reversed with costs ; and the cause remanded to the Circuit Court of Cook county, with directions to render a judgment against the defendants who had been served with the summons, and who had pleaded, and with leave to the plaintiff below to take out a *scire facias* against the other defendants.

*Judgment reversed.*